Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Craig G. Côté, Esq. (State Bar No. 132889)
**MANNING LAW, APC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiffs JAMES RUTHERFORD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| JAMES RUTHERFORD, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>KNIGHT'S INN, a business entity of unknown form; HIGHLAND HOTEL, LP a California limited partnership; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No. **5:18-cv-00626-PSG-SHK**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1 TO EXCLUDE IMPERMISSIBLE CHARACTER EVIDENCE OF PLAINTIFF AT TRIAL**<br><br>[Assigned for All Purposes to the Hon. Philip S. Gutierrez]<br><br>Action Filed:  March 26, 2018<br>Trial Date:    May 28, 2019<br>FPC:        May 13, 2019 |

**-1-**

**PLAINTIFF'S MOTION IN LIMINE NO. 1**

## **NOTICE OF MOTION**

Plaintiff JAMES RUTHERFORD ("Plaintiff") hereby moves this Court for an order on his Motion in *Limine* No. 1 precluding Defendants KNIGHT'S INN and HIGHLAND HOTEL, LP ("Defendants") from introducing evidence or making argument regarding Plaintiff's character or alleged status as a serial litigant.

Dated: April 12, 2019                    MANNING LAW, APC


                                         By:/s/ *Joseph R. Manning, Jr.*
                                            Joseph R. Manning, Jr.
                                            *Attorneys for Plaintiff*

**PLAINTIFF'S MOTION IN LIMINE NO. 1**

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff's character are not at issue in this case, nor is it related to any claim or defense, Plaintiff moves that Defendants be precluded from denigrating or maligning Plaintiff as an individual, as a serial litigant, or as a private attorney general enforcing public policy; and that Defendants' examination of Plaintiff and arguments be limited to the issues in this case.  It is anticipated that Defendant will suggest typical inflammatory, prejudicial, or otherwise improper tactics, which should be precluded.

## MEMORANDUM IN SUPPORT OF MOTION IN LIMINE

Motions *in limine* are authorized under Code of Civil Procedure Section 128(a)(3) and (8), which state that every court has the power to provide for the orderly conduct of the proceedings before it, and to amend and control its process in order to make the proceedings conform to law and justice.   Additionally, Evidence Code Section 352 authorizes the exclusion of any unduly prejudicial evidence, evidence confusing to the jury, or evidence intended to mislead the jury. *See also Clemens v. American Warranty Corp.* (1987) 193 Cal.App.3d 444, 451.

Improperly vilifying Plaintiff's character, and inflammatory and prejudicial comments are common in UCRA and ADA cases, even though the only legal issue is whether Defendant violated the UCRA and the ADA.  Direct or implied attacks on Plaintiff are improper. Fed. R. Evid. 401, 403, 404.

In particular, attacks against serial litigation ignore this Ninth Circuit's binding precedent in *Civil Rights Educ. and Enforcement Center v. Hospitality Props. Trust*, 867 F.3d 1093, 1096 (9th Cir. 2017) (holding that "a plaintiff has constitutional standing" even if "her only motivation for visiting a facility is to test it

-3-

for ADA compliance"); *id.* at 1102 ("We . . . conclude that motivation is irrelevant to the question of standing under Title III of the ADA.  The Named Plaintiffs' status as ADA testers thus does not deprive them of standing."); *id.* at 1101-02 (noting that 42 U.S.C. § 12182(a) states that "[n]o individual shall be discriminated against on the basis of disability" and noting that Title III provides remedies for "any person" subjected to illegal disability discrimination as stated in 42 U.S.C. § 12188(a)(1)) (emphasis in original); *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1069 (9th Cir. 2009) ("we accord standing to individuals who sue defendants that fail to provide access to the disabled in public accommodation as required by the Americans with Disabilities Act ("ADA"), even if we suspect that such plaintiffs are hunting for violations just to file lawsuits.") (Gould, J., concurring) (emphasis added); *Molski v. Evergreen Dynasty Corp.*, 521 F.3d 1215, 1220 (9th Cir. 2008) ("while self-interest surely drives serial access litigation in part, the reason there can be so many lawsuits about access to public accommodations is that there are so many violations of the laws that seek to assure access.") (Berzon, J., dissenting from denial of rehearing en banc) (emphasis in original); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1062 (9th Cir. 2007) ("For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA."); *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008) (same).  Indeed, multiple federal circuit courts besides the Ninth Circuit have recognized that serial ADA litigation is not improper and that disabled ADA plaintiffs can sue under Title III of the ADA as a "tester".  See, e.g., *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 457 (4th Cir. 2017) ("neither [plaintiff's] status as an 'ADA tester' nor his litigation history strips him of standing to sue [defendant]"); id. ("At bottom, we reject the proposition that [plaintiff's] motivations in pursuing his ADA claim against [defendant] deprive him of standing

to sue in these proceedings.") (citing *Daniels v. Arcade, L.P*., 477 Fed. Appx. 125, 130 (4th Cir. 2012) ("[W]e conclude that [plaintiff's] litigation history is not relevant to this case.")); *Colorado Cross Disability Coalition v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1211 (10th Cir. 2014) ("anyone who has suffered an invasion of the legal interest protected by Title III may have standing, regardless of his or her motivation in encountering the invasion"); id. at 1216 ("a plaintiff's status as tester is irrelevant in determining whether she has suffered an injury in fact under Title III of the ADA."); *Houston v. Marod Supermarkets, Inc*., 733 F.3d 1323, 1330–40 (11th Cir. 2013) (finding the plaintiff's tester motive behind his visit to supermarket did not foreclose standing for his claim under Title III of the ADA); id. at 1332 ("The substantive right conferred by [the ADA] statute is to be free from disability discrimination in the enjoyment of the facility, regardless of [plaintiff's] motive for visiting the facility."); id. ("Nothing in that statutory language precludes standing for tester plaintiffs; if anything, 'no individual' and 'any person' are broad terms that necessarily encompass testers."). "Such is the nature of 'private-attorney-general' provisions:  Congress perceives a wrong but finds it too costly to enforce the law it passes to address that wrong." *Native American Arts, Inc. v. Peter Stone Co., U.S.A., Inc.*, 222 F. Supp. 3d 643, 647 (N.D. Ill. 2016), appeal docketed, No. 16-4278 (7th Cir. Dec. 30, 2016).  "[W]ith damages far outstripping the actual loss, it is not surprising that suits like this are filed; private-attorney-general statutes are meant to encourage this."  Id.  "The fact that statutes . . . give rise to 'cottage industries' can't be laid at the feet of attorneys who take advantage of them."  Id.  "The statute is what it is, and judges must implement its rule whether or not they think it wise . . . ."  *Blue Cross Blue Shield of Massachusetts, Inc. v. BCS Ins. Co*., 671 F.3d 635, 638 (7th Cir. 2011).  "As the Supreme Court acknowledged several years ago, the 'enforcement [of civil rights laws] would prove difficult' and our country will be obliged 'to rely in part upon private litigation as a means of securing

broad compliance.'" *Nanni*, 878 F.3d at 457 (quoting *Newman v. Piggie Park Enters.*, 390 U.S. 400, 401 (1968)). "That very principle is also embodied in the ADA." *Nanni*, 878 F.3d at 457 (citing *Dudley v. Hannaford Bros.*, 333 F.3d 299, 306-07 (1st Cir. 2003) (discussing importance of private litigation in achieving broad compliance with ADA)).

As courts have recently found, the tactic of attacking ADA plaintiffs and their counsel is troubling, and may say more about defense counsel than the plaintiffs. "Defendant's attempts to argue that this case was abusive or brought in bad faith also fail. These arguments are representative of a troubling trend in which disability access defendants attack the motives of plaintiffs and their counsel in nearly every case brought to enforce the right to equal access guaranteed by the ADA and California statutes." *Kittok v. Leslie's Poolmart, Inc.*, 687 F.Supp.2d 953, 958 (C.D. Cal. 2009); *see also Id.* at 959 ("For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA.") (internal quotation marks omitted); *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1175 (9th Cir. Cal. 2010).

Therefore, any mention or reference to Plaintiff's character or motivations for bringing the instant case or Plaintiff's supposed status as a serial litigant would be improper.

/ / /

/ / /

**-6-**

**PLAINTIFF'S MOTION IN LIMINE NO. 1**

1

**CONCLUSION**

2

To avoid improperly prejudicial and inflammatory references, and to

3

restrict the case to the issue at hand (whether Defendant violated UCRA and the

4

ADA), Plaintiff's Motion in Limine should be granted.

5

6

7

Dated:  April 12, 2019                    MANNING LAW, APC

8

9

By: /s/ *Joseph R. Manning, Jr.*

10

Joseph R. Manning, Jr.

*Attorneys for Plaintiff*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-

**PLAINTIFF'S MOTION IN LIMINE NO. 1**

## PROOF OF SERVICE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of eighteen (18) years and not a party to the cause. My business address is 20062 S.W. Birch St., Suite 200, Newport Beach, CA 92660.

On 4/12/19 I served the true copies of the foregoing document described as
**PLAINTIFF'S FIRST MOTION IN LIMINE**

on the interested parties in this action, addressed as follows:

Frank A. Weiser
Frank A. Weiser Law Offices
3460 Wilshire Blvd, Ste 1212
Los Angeles, CA 90010
Fax: 213-383-6964
Email: maimons@aol.com

[X] BY Electronic Transmission.  I caused each such document to be filed and transmitted electronically to the parties at the e-mail address indicated through the Court's CM/ECF system.  To the best of my knowledge, the transmission was reported as complete and no error was reported that it was not completed.

[ ] BY United States Postal Service:  The documents were mailed as set forth above by U.S. Mail and placed in sealed, addressed envelopes on the above date and deposited into a U.S. Postal Service Mail box on the date set forth above, with postage thereon fully prepaid at Newport Beach, California prior to the time for collection on that day.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this affidavit was executed on 4/12/19.

_____ /s/ *Linda Sanchez* _____
Linda Sanchez

-8-

**PLAINTIFF'S MOTION IN LIMINE NO. 1**